RYAN G. WELDON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
119 First Ave. North, #300
Great Falls, Montana 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
E-Mail: Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

JUN 08 2017

Clerk, U S Courts
District Of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 17-42-GF-BMM |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | **WIRE FRAUD**<br>(Count I)<br>Title 18 U.S.C. § 1343<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release) |
| JOHN KEVIN MOORE, *aka Kevin Moore*, | |
| Defendant. | **ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY**<br>(Counts II - X)<br>Title 18 U.S.C. § 1957<br>(Penalty: Ten years imprisonment, $250,000, and three years of supervised release) |
| | **CRIMINAL FORFEITURE**<br>18 U.S.C. §§ 981(a)(1) and 982<br>28 U.S.C. § 2461(c) |

1

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

1. The defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, did business as Big Sky Mineral Resources, LLC, which was formed on July 7, 2014. The business venture was created to obtain oil and gas leases, and market other mining-related operations, which JOHN KEVIN MOORE, *aka Kevin Moore*, used to solicit money from others.

2. The defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, did business as Glacier Gala, which was registered on July 5, 2012. The business venture was created to obtain lucrative pieces of art, which JOHN KEVIN MOORE, *aka Kevin Moore*, used to solicit money from others.

3. The defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, received money totaling over $2,000,000, based on false claims he made with respect to the purchase of leases and the mining of oil, gas, and minerals, as well as the sale of art work. The defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, routinely used money from individuals who provided their money to Big Sky Mineral Resources, LLC, and Glacier Gala to pay previous individuals who provided their money to Big Sky Mineral Resources, LLC, and Glacier Gala, and he also used the

money to pay for personal expenses, including payments on multi-million-dollar properties and other personal living expenses.

## COUNT I

Between, in, or about April 2013, and continuing thereafter until in or about September 2016, at Great Falls and Kalispell, in the State and District of Montana, and other places, the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

## PONZI SCHEME AND EMBEZZLEMENT OF MONEY

During the period of the Indictment, it was part of the scheme and artifice to defraud that the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, engaged in a Ponzi scheme by soliciting money from individuals for the purchase of leases and for the mining of oil, gas, and minerals through Big Sky Mineral Resources, LLC, in Montana, Arizona, and elsewhere, and for the purchase and sale of artwork through Glacier Gala, claiming to use the proceeds to increase the money provided

by the individuals, when in truth and in fact he used the money to pay returns promised to earlier individuals.

It was further part of the scheme and artifice to defraud that the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, used money he solicited for the purchase of leases and for the mining of oil, gas, and minerals through Big Sky Mineral Resources, LLC, and for the purchase and sale of artwork through Glacier Gala, for his own personal expenses, none of which was authorized by the individuals who provided the money.

## THE INTERSTATE WIRE COMMUNICATIONS

During the period of the Indictment, the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described herein, for the purpose of executing the scheme to defraud, transmitted and caused to be transmitted by means of wire communication affecting interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, that is, checks and wires, to and from Great Falls and Kalispell, Montana, in the District of Montana, to and from Minneapolis, in the District of Minnesota, and elsewhere, in violation of 18 U.S.C. § 1343.

## COUNTS II-X

That between, on, or about September 3, 2014, through July 28, 2016, at Kalispell, and elsewhere, in the State and District of Montana, the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, knowingly engaged, and attempted to engage, in a monetary transaction in the United States, in criminally deprived property of a value greater than $10,000, as described below, which was derived from specified unlawful activity during the wire fraud scheme alleged in Count I, all in violation of 18 U.S.C. § 1957.

| Count | Date | Amount |
|---|---|---|
| II | September 3, 2014 | $20,000 |
| III | December 2, 2014 | $50,000 |
| IV | February 4, 2015 | $46,000 |
| V | February 13, 2015 | $90,000 |
| VI | March 27, 2015 | $85,000 |
| VII | August 5, 2015 | $11,000 |
| VIII | September 28, 2015 | $11,000 |
| IX | October 23, 2015 | $36,500 |
| X | July 28, 2016 | $12,000 |

## FIRST CRIMINAL FORFEITURE ALLEGATION

The allegations set forth in Count I of the Indictment are re-alleged as though fully set forth herein and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of 18 U.S.C. §§ 981(a)(1) and 982, and 28 U.S.C. § 2461(c).

Upon conviction of Count I, the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, shall forfeit to the United States any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses, and is involved in the offenses, and traceable to such property, pursuant to 18 U.S.C. §§ 981(a)(1) and 982, and 28 U.S.C. § 2461(c). The property subject to forfeiture includes:

a. A money judgment of up to $2.0 million.

If any of the property describe above as being subject to forfeiture, as a result of any action or omission of the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or,

e. Has been commingled with other property that cannot be divided without difficulty.

6

The defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

## SECOND CRIMINAL FORFEITURE ALLEGATION

The allegations set forth in Counts II-X of the Indictment are re-alleged as though fully set forth herein and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of 18 U.S.C. § 982(a)(1).

Upon conviction of Counts II-X, the defendant, JOHN KEVIN MOORE, *aka Kevin Moore*, shall forfeit to the United States any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses, and is involved in the offenses, and traceable to such property, pursuant to 18 U.S.C. §§ 982(a)(1).

If any of the property describe above as being subject to forfeiture, as a result of any action or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or,

e. Has been commingled with other property that cannot be divided without difficulty.

The defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

(por) LEIF M. JOHNSON
Acting United States Attorney

(for) JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons\_\_\_\_\_
Warrant: ✓
Bail: \_\_\_\_\_

8