IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN KEVIN MOORE,<br><br>Defendant. | Cause No. CR-17-42-BMM<br><br>ORDER |

Defendant John Kevin Moore moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) on February 2, 2022. (Doc. 219.) Moore is currently serving a sentence of 98 months for wire fraud, money laundering, false statements, and felon in possession. *See* Amended Judgment. (Doc. 207.) He has served approximately 62 months of his sentence. (Doc. 220 at 4.) Moore is being held at Morgantown FCI which is currently running at an operation level of 2 due to COVID-19. His scheduled release date is May 27, 2023. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 24, 2022).

After considering the factors of 18 U.S.C. § 3553(a), the Court may reduce Moore's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (i); *see also*

1

28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A). The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The guideline contemplates that a defendant's medical condition might constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The defendant must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A).

### A. Health Concerns

Moore is now 66 years old. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 24, 2022). Moore asserts that he suffers respiratory failure, fatigue, vertigo, nausea, dizziness, and a severely damaged immune system. (Doc. 219 at 4.) Moore has contracted COVID-19 twice while incarcerated. (Doc. 219 at 5.) The Center for Disease Control ("CDC") indicates that the elderly along with those with certain underlying conditions are at an increased risk for serious illness

2

or death with the contraction of COVID-19.

*See* https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited August 24, 2022). Moore also filed supplemental materials regarding health issues related to swelling in his sinuses. (Doc. 223.) Moore contends that his increased likelihood to contract COVID-19 while in prison and the fact that he is older than 65 are extraordinary and compelling reasons for compassionate release. (Doc. 220 at 15.)

The Government responds by stating that Moore is receiving adequate medical care while in BOP custody and that Moore's health was considered at sentencing in 2020. (Doc. 221 at 9.) The Government points out that at the time of writing their brief there was only 1 staff member and 1 prisoner with COVID-19 at Morgantown FCI. (Doc. 221 at 8.) As of the date of this order there are currently 2 staff members and 0 inmates with COVID-19 at Morgantown FCI. https://www.bop.gov/coronavirus/ (last visited August 24, 2022). Moore's health concerns are relevant, but he is receiving proper medical care and his concerns do not outweigh the § 3553(a) factors.

**B. Section 3553(a) Factors**

The 18 U.S.C. § 3553(a) factors, specifically § 3553(a)(2)(C), counsel against granting Moore compassionate release, despite his health issues. The Court

3

acknowledges the significant strides Moore has taken to become a positive community member while in prison. (Doc. 220 at 18.) The Court also recognizes that Moore is not a violent offender, but he would still pose a high risk to the public if he were to be released. Moore has been convicted of 21 felonies in this case and has been repeatedly revoked when on supervised release. (Doc. 221 at 4.) The Court determines that extraordinary and compelling reasons exist to reduce Moore's sentence, but not to grant Moore's motion for compassionate release effective immediately. The Court determines that COVID-19 poses a continued risk to Moore's health. In light of the COVID-related concerns for Moore's health, the Court will reduce Moore's sentence to 92 months.

Accordingly, **IT IS ORDERED** Moore's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 215) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Moore's sentence to 92 months.

DATED this 25th day of August, 2022.

_____
Brian Morris, Chief District Judge
United States District Court