Lynsey Ross (Bar No. 63788124)
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. North, Ste 3200
Billings, MT 59101
(406) 247-4632
lynsey.ross@usdoj.gov

*Attorney for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JOHN KEVIN MOORE,<br><br>Defendant. | 4:17-cr-00042-BMM<br><br>**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO SUBSTITUTE RESTITUTION PAYEE UNDER 18 U.S.C. § 3664(j)** |

The United States of America provides the following brief in support of its Motion to Substitute Restitution Payee.

## BACKGROUND

Over the course of several years, Defendant John Kevin Moore exploited and defrauded millions of dollars from his victims. A jury convicted Moore of eleven counts of wire fraud, nine counts of money laundering, and one count of false statements to a federal agent. (Doc. 131.). On February 1, 2019, the Court entered judgment against Moore, which included incarceration, a term of supervised release,

a special assessment of $1,200.00, and restitution of $2,222,817.00. (Doc. 175.)[1] After entry of the restitution judgment, the Commissioner of Securities and Insurance, Office of the Montana State Auditor ("CSI") advanced $77,514.50 of restitution to nine of Moore's victims.

## ARGUMENT

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A *et seq.*, ("MVRA") requires the substitution of third-party restitution payees in circumstances where a third-party payee compensates a victim for his or her losses. The MVRA instructs that, "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid" to the one providing compensation—but only after the restitution is paid to the victims. 18 U.S.C. § 3664(j)(1) *see, e.g., United States v. Holley*, 500 F. App'x 632, 633 (9th Cir. 2012) (amount should be awarded to the provider of compensation and paid to the provider after payment full payment to victims); *United States v. Stephens*, 374 F.3d 867, 872 (9th Cir. 2004) (same); *United States v. Cliatt*, 338 F.3d 1089, 1092-94 (9th Cir. 2003).

//

//

//

//

1 The Court entered amended judgments on March 11, 2019 (Doc. 182) and December 17, 2020 (Doc. 207). Neither amended judgment altered the total restitution, the restitution payees, nor the amount awarded to each victim.

In this case, CSI paid a total of $77,514.50 to nine of Moore's twenty-two victims:

| Victim | Restitution Awarded and Claimed to CSI | CSI payment | Date of CSI payment | Balance after CSI Pmt |
|---|---|---|---|---|
| Daniel Morrison | $196,000.00 | $15,000.00 | 3/11/2019 | $181,000.00 |
| Patricia Shirey | $25,000.00 | $2,500.00 | 5/17/2019 | $22,500.00 |
| Joseph Withey | $249,200.00 | $25,000.00 | 3/11/2019 | $224,200.00 |
| Janet Walters | $73,500.00 | $12,500.00 | 12/4/2019 | $61,000.00 |
| Scott Curry | $20,000.00 | $2,500.00 | 5/17/2019 | $17,500.00 |
| Stuart Cole | $20,000.00 | $5,000.00 | 3/11/2019 | $15,000.00 |
| James Dodken | $36,500.00 | $9,125.00 | 5/17/2019 | $27,375.00 |
| Edward Janes | $2,000.00 | $1,000.00 | 5/17/2019 | $1,000.00 |
| Niko Vlahou | $19,558.00 | $4,889.50 | 3/11/2019 | $14,668.50 |
| **Total Restitution Awarded to these 9 Victims** | **$641,758.00** | | | **$564,243.50** |
| **Total Paid by CSI** | | **$77,514.50** | | |

CSI compensated these nine victims for a portion of their respective losses for which each was awarded restitution. Accordingly, CSI should be substituted as a second-priority restitution payee for each of these nine victims for the amount of loss paid. The remaining victims did not receive compensation from CSI and their restitution balances should not be altered.

The United States further requests the Court order the Clerk of Court to adjust the restitution award for each of these nine victims accordingly and apply all prior and future distributions to the adjusted restitution balances. Though the Clerk has distributed some money to victims, those amounts are significantly less than what each victim is entitled to receive. Therefore, adjustment of the restitution award will not result in an overpayment of any victim. Further, because CSI must be paid only after the other victims, no payments would have previously been made to CSI.

The requested relief does not alter or increase Moore's total restitution obligation, but rather reapportions how the total restitution imposed will be paid. Substitution CSI for the amounts it compensated each victim ensures no double recovery for any victim and no overpayment by Moore.

After substituting CSI each of the nine victims which received partial compensation, the total restitution should be apportioned as follows:

| **Victim** | **Restitution Award** |
|---|---|
| Daniel Morrison (adjusted) | $ 181,000.00 |
| Patricia Shirey (adjusted) | $ 22,500.00 |
| Joseph Withey (adjusted) | $ 224,200.00 |
| Janet Walters (adjusted) | $ 61,000.00 |
| Scott Curry (adjusted) | $ 17,500.00 |
| Stuart Cole (adjusted) | $ 15,000.00 |
| James Dodken (adjusted) | $ 27,375.00 |
| Edward Janes (adjusted) | $ 1,000.00 |
| Niko Vlahou (adjusted) | $ 14,668.50 |
| Bill & Vicki Coffee (original) | $ 561,525.00 |
| Tom Lillibridge (original) | $ 400,000.00 |
| Candra Niswanger (original) | $ 55,000.00 |
| Steven Shrader (original) | $ 290,000.00 |
| Lisa Lorge (original) | $ 25,000.00 |
| Charles Jantzen (original) | $ 41,534.00 |
| David Carter (original) | $ 55,000.00 |
| Janet Killeen (original) | $ 25,000.00 |
| Donnie Hedlind (original) | $ 40,000.00 |
| J.C. Skidmore (original) | $ 25,000.00 |
| Russell & Barbara Blair (original) | $ 28,000.00 |
| Elsie Miranti (original) | $ 16,000.00 |
| Russ Gilbertson (original) | $ 19,000.00 |
| Montana CSI (substituted and paid last) | $ 77,514.50 |
| **Total Restitution Awarded** | **$ 2,222,817.00** |

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant its motion to substitute Commissioner of Securities and Insurance, Office of the Montana State Auditor as the second-priority restitution payee as detailed above.

DATED: February 23, 2024.

**JESSE A. LASLOVICH**
United States Attorney

/s/ Lynsey Ross
Lynsey Ross
Assistant U.S. Attorney
Attorneys for the United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 565 words, excluding the caption and certificates of service and compliance.

DATED: February 23, 2024.

/s/ Lynsey Ross
Lynsey Ross
Assistant U.S. Attorney
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 23, 2024, a copy of the foregoing was served by electronic means on all parties noted in the Court's ECF transmission facilities pursuant to FRCP 5(d)(1), and on the following parties by US mail, first class, postage prepaid:

John Kevin Moore
PO Box 8821
Kalispell, MT 59901

*Pro Se Defendant*

/s/ Lynsey Ross
Lynsey Ross
Assistant U.S. Attorney
Attorneys for the United States