THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KEVIN MOORE, *aka Kevin Moore,*<br><br>Defendant. | CR-17-42-GF-BMM<br>CR-18-57-GF-BMM<br><br><br>**ORDER** |

Defendant John Kevin Moore has moved for early termination of his current term of supervised release. (Doc. 242 and Doc. 58.) The Court conducted a hearing on Moore's motion on May 13, 2025. (Doc. 247 and Doc. 63.) The Government opposes the motion. (Doc. 246 and Doc. 62.) The Court advised Moore that the Court would grant Moore's motion on September 1, 2025, if Moore remained violation free. (Doc. 247 and Doc. 63.) The Court now grants Moore's motion.

A jury found Moore guilty of Wire Fraud in violation of 18 U.S.C. § 1343, Money Laundering (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) in violation of 18 U.S.C. § 1957, False Statements in violated of 18 U.S.C. § 1001(a)(2) (Doc. 207.) Moore also pleaded guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924. (Doc. 45.)

1

The Court sentenced Moore to the custody of the Bureau of Prisons on February 01, 2019, for a term of 125 months on Counts 1-11, 120 months on Counts 12-20, and 60 months on Count 21, all to run concurrently, in CR-17-42-GF-BMM. (Doc. 175.) The Court further sentenced Moore to 24 months on January 31, 2019, in CR-18-57-GF-BMM, to run concurrent with the prior sentence in CR-17-42-GF-BMM. (Doc. 45.) The Court further sentenced Moore to three years supervised release on Count 1-21 in CR-17-42-GF-BMM to run concurrent with the three-year supervised release term imposed in CR-18-57-GF-BMM. (Doc. 175 and Doc. 45.) The Court reduced Moore's sentence to 92 months on August 25, 2022. (Doc. 224.) The Court also ordered Moore to pay $2,222,817.00 in restitution. (Doc. 207). Moore began his term of supervised release on December 23, 2022. (Doc. 243 at 2.)

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Moore's supervised release. Adequate punishment has been imposed that reflects the seriousness of Moore's offense. Moore served 92 months in prison. Moore has completed approximately two years and eight months (75%) of his

supervised release term. Moore is scheduled to discharge from supervised release on December 22, 2025. (Doc. 243 at 2.)

Adequate deterrence also appears to have been achieved. Moore's probation officer has reported that Moore "has done well on supervision" and has been "very responsive to any requests I have." (*Id.*) Moore's probation officer supports his request for early termination. (*Id.*) Further supervision appears unnecessary to protect the public from further criminal behavior by Moore. The Court contacted the U.S. Probation Office and Moore has paid $743,392.49 in restitution as of September 2, 2025. Moore owes approximately $1.4 million in restitution and release from supervision does not impact that duty.

Moore has strong support from his community and family. (*Id.*) He has been involved in veteran-based endeavors regarding traumatic brain injuries with the Brain Injury Alliance of Montana (BIAM) in the past few years and numerous people speak to his professionalism and commitment to the work. (*Id.*) Moore organized two charity events for the BIAM. (*Id.*) He himself has a history of traumatic brain injuries and hopes to continue to advocate for others suffering from similar injuries. (*Id.*) His family also notes that he has aging grandparents who live far from Montana, and he would like to be released from probation to allow him to be flexible to visit them. (*Id.*) The early termination of Moore's supervised release comports

with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Moore's Motion for Early Termination of Supervised Release (Doc. 242) is **GRANTED**.

DATED this 2nd day of September, 2025.

Brian Morris, Chief District Judge
United States District Court